NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-496

ALYSSA ZERESKI[1]

vs.

TOWN OF UXBRIDGE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff brought this action after her daughter was injured at an elementary school owned and operated by the defendant town. During recess on the playground, the daughter received permission from one or more supervising schoolteachers (supervisors) to use the restroom inside the school building. Afterward, the daughter returned to the playground, where she was knocked to the ground by an older male student who was running backwards and/or practicing football. The mother filed a complaint, asserting that the daughter's injuries were caused by the defendant's negligent failure to supervise the children, including the daughter, during recess. On the defendant's motion for summary judgment, a Superior Court judge ruled that

---

[1] As mother and next friend of Veronica Zereski.

the town was immune from liability under the Massachusetts Tort Claims Act, G. L. c. 258, § 10 (j).  A judgment entered, and this appeal followed.

Discussion.  "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law."  Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).

With certain exceptions not relevant here, G. L. c. 258, § 10 (j) immunizes the town, as a public employer, from:

> "any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer."

G. L. c. 258, § 10 (j).

The Supreme Judicial Court has "construed the 'original cause' language to mean an affirmative act (not a failure to act) by a public employer that creates the 'condition or situation' that results in harm inflicted by a third party." Kent v. Commonwealth, 437 Mass. 312, 318 (2002), quoting Brum v. Dartmouth, 428 Mass. 684, 695 (1999).  "[F]or the 'original cause' language under § 10 (j) to apply, 'the act must have

2

materially contributed to creating the specific "condition or situation" that resulted in the harm.'" Cormier v. Lynn, 479 Mass. 35, 40 (2018), quoting Kent, supra, at 319.  See Brum supra, at 693 ("[w]hat is needed is an example of a condition [or situation] leading to a harmful consequence, where that condition was originally caused by the public employer but not brought about by the public employer's failure to prevent it").  As Brum makes clear, the negligent failure to prevent harm is not an affirmative act under the statute.  See id. at 695-696.  See also Bonnie W. v. Commonwealth, 419 Mass. 122, 125-127 (1994) (§ 10 [j] barred claim based on parole officer's "negligent failure" to supervise parolee but permitted claim that parole officer "negligently recommend[ed]" parolee's employment).

Here, the plaintiff's complaint fails to allege that an affirmative act by the supervisors was an original cause of the daughter's injuries.  Viewing the complaint in the light most favorable to the plaintiff, it alleges that the daughter's injuries resulted from the supervisors' failure to supervise (1) the children on the playground, and (2) the daughter upon her return from the bathroom.  What the plaintiff claims was a "neglect of duty" -- the purported failure to adequately supervise -- was "a failure to act to prevent or diminish" harm to the daughter upon her return to the playground.  See Brum,

3

428 Mass. at 693; Stahr v. Lincoln Sudbury Regional High Sch. Dist., 93 Mass. App. Ct. 243, 246, 247 (2018) ("amended complaint makes clear that [the plaintiffs'] claim is . . . that the coaches' lack of supervision and inadequate instruction . . . both omissions . . . caused [the plaintiff's] injuries"). Compare Gennari v. Reading Pub. Sch., 77 Mass. App. Ct. 762 (2010). In Gennari, the principal's affirmative decision to hold recess in a concrete courtyard "materially contributed to creating the specific 'condition or situation' that resulted in the harm," id. at 765, citing Kent, 437 Mass. at 319, and could properly be considered an original cause of injury within the meaning of § 10 (j). Were we to accept that the supervisors' neglect of a duty or a failure to act "materially contributed" to the daughter's injuries, "then the opening words of § 10 (j), immunizing 'act[s] or failure[s] to act to prevent,' . . . would be virtually read out of the provision." Brum, 428 Mass. at

692-693. See Cormier, 479 Mass. at 41-42; Stahr 93 Mass. App.
Ct. at 247.

Judgment affirmed.

By the Court (Blake, Walsh, &
  Hershfang, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  August 9, 2023.

---

[2] The panelists are listed in order of seniority.